IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KARANYA-MARQUIS DUDLEY                                                                      PLAINTIFF

v.                                          Civil No. 4:24-cv-04055

ARKANSAS INSURANCE DEPARTMENT and
STATE OF ARKANSAS                                                                           DEFENDANT

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant, State of Arkansas Motion to Dismiss and Brief. ECF No. 13, 14. Plaintiff responded to the Motion. ECF No. 17.[1] This matter has been referred to the undersigned, and it is now ripe for consideration.

1. **Background**:

Plaintiff brings this *pro se* action against Arkansas Insurance Department and State of Arkansas, alleging fraud and interfering with inheritance by "keeping important details or facts hidden, which resulted in lack of transparency and potential harm." ECF No. 2. Plaintiff alleges damages of $73,000,000.00. *Id*.

Defendant, State of Arkansas has filed a Motion to Dismiss stating the matter should be dismissed because: (1) The Eleventh Amendment bars claims against a state and (2) improper service. ECF No. 13. Defendant seeks dismissal of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, 12(b)(2) for lack of personal jurisdiction, 12(b)(3) for improper venue, 12(b)(4) for insufficient service, 12(b)(5) for insufficient service of process, and under Rule 12(b)(6) for failure to state a claim.

---

[1] Plaintiff's Response, which is titled "Objections" fails to address the issues raised in the Motion to Dismiss and continues to fail in stating a claim upon which relief may be granted. Plaintiff's Response is comprised of a random listing of fragmented arguments.

2.   **Applicable Law:**

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 328 (8th Cir. 2016) (citing *Gunn v. Minton*, 568 U.S. 251, 256 (2013) ). Federal Rule of Civil Procedure 12(b)(1) allows a defendant to seek dismissal of an action for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal of a case pursuant to Rule 12(b)(1) may occur through a challenge to the complaint "on its face or on the factual truthfulness of its averments." *Titus v. Sullivan,* 4 F.3d 590, 593 (8th Cir.1993).

When ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a federal district court should accept the allegations contained in the complaint as true. *See Young v. City of St. Charles,* 244 F.3d 623, 627 (8th Cir.2001). Further, any reasonable inferences from the complaint are drawn in favor of the nonmoving party. *See id.*

A motion to dismiss is properly granted when, based on the plaintiff's own allegations, it is clear that the defendant is entitled to judgment as a matter of law. *See Young,* 244 F.3d at 627. "Though *pro se* complaints are to be construed liberally, *see Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285 (1976), they still must allege sufficient facts to support the claims advanced." *Stone v. Harry,* 364 F.3d 912, 914 (8th Cir.2004). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id. (citing Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

3.   **Discussion:**

   **A. Sovereign Immunity**

"The Eleventh Amendment bars suits against a State by citizens of that same State in federal court." *Williams v. Missouri*, 973 F.2d 599, 599-600 (8th Cir. 1992) (citing *Papasan v. Allain*, 478 U.S. 265, 276 (1986)). "This bar exists whether the relief sought is legal or

equitable." *Id.* (quoting *Papasan*, 478 U.S. at 276). However, there are certain well-established exceptions to the reach of the Eleventh Amendment. *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991). "A state may waive its sovereign immunity and consent to suit in federal court, and Congress may, by legislation, abrogate immunity without the state's consent in order to effectuate the provisions of the Fourteenth Amendment." *Id.*

Nothing indicates that the State of Arkansas has waived its sovereign immunity or otherwise consented to this suit. Further, nothing in this case indicates the Plaintiff is attempting to make a claim pursuant to the Fourteenth Amendment. Thus, Plaintiff's claims against the State of Arkansas are barred by the doctrine of sovereign immunity and should be dismissed.

### B. Improper Service

Rule 4 of the Federal Rules of Civil Procedure provides that service on a state is valid by (1) delivering a copy of the summons and of the complaint to its chief executive officer or by (2) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant. Fed.R.Civ.P. (j)(2)(B). ARCP Rule 4(f)(12) states that service upon "States and State Agencies" must be upon "the chief executive officer, director, or chairman, any other person designated by appointment or by an applicable statute to receive service of process, or on the Attorney General." According to Defendant, in this case, an individual at the Secretary of State's office received a copy of the Complaint by certified mail on August 6, 2024. ECF No. 14. Plaintiff's Affidavit of Service also shows Plaintiff failed proper service as it only shows service on "State of Arkansas." ECF No. 9.

Pursuant to Fed. R. Civ. P. 12(b)(5), a case may be dismissed for insufficient service of process. Before a federal court may exercise personal jurisdiction over a Defendant, the procedural requirement of service of summons must be satisfied. *Omni Captiol Int'l, v. Rudolf Wolff & Co.*, 484

U.S. 97, 104 (1987). Plaintiff did not comply with proper service rules with this lawsuit. Because service was not proper, this lawsuit should be dismissed.

**4.     Conclusion:**

Based upon the foregoing, the Court recommends Defendant's Motion to Dismiss (ECF No. 13) be **GRANTED** and that the claims of Plaintiff be **DISMISSED**.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**DATED** this **20th day of September 2024.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE